**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4119

DAVID LAFAYETTE LAWRENCE,
Defendant-Appellant.

Appeal from the United States District Court for the
Western District of North Carolina, at Charlotte.
Terrence W. Boyle, District Judge.
(CR-95-191-3)

Submitted: October 20, 1997

Decided: November 26, 1997

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jesse J. Waldon, Jr., Matthews, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian L. Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, David L. Lawrence was convicted on one count of car jacking, 18 U.S.C.A. § 2119 (West Supp. 1997), and one count of possession of a firearm during and in relation to a crime of violence, 18 U.S.C.A. § 924(c)(1) (West Supp. 1997). He received a 168-month sentence on the car jacking count, and a consecutive sixty-month sentence on the firearm count. Lawrence appeals, claiming that the district court's conduct deprived him of a fair trial. Finding no merit to his claim, we affirm.

Lawrence contends that the district court deprived him of a fair trial by improperly questioning witnesses, including Lawrence himself. Generally, an appellant's claim that a trial court's questioning of witnesses deprived him of a fair trial is reviewed for abuse of discretion. See United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995). Because Lawrence failed to object during the trial to the court's handling of the proceedings or to move for a mistrial, we review the claim for plain error. See United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994). "Because we find no abuse of discretion, however, we need not address [the defendant's] contentions under the plain error standard." Castner, 50 F.3d at 1272.

Although a district court must remain impartial, "it nevertheless may interrogate witnesses as necessary to ensure the proper development of the facts." United States v. King, 119 F.3d 290, 294 (4th Cir. 1997); see also Fed. R. Evid. 614(b). Rule 611 of the Federal Rules of Evidence allows the trial court reasonable control over the interrogation of witnesses to further the ascertainment of truth, avoid waste of time, and shield witnesses from harassment.

Lawrence cites several examples during the trial where the district court questioned witnesses. We have reviewed the transcript, however, and find that "the district court merely clarified witness testimony and did not impose its own view of the evidence on the jury." United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997).

2

For example, Lawrence argues that during his cross-examination of the victim, the court interrupted and conducted its own examination. During the crime, the perpetrator stole several bags from the victim, including a laundry bag. When defense counsel was questioning the victim about how he knew the laundry bag he had identified during direct examination actually belonged to him, the court continued the questioning. Rather than exhibiting bias in favor of the prosecution, the court's questions merely clarified why the victim thought the bag was his. Similarly, the court's questions to other prosecution witnesses were geared towards clarifying the facts.

Lawrence also contends that the trial court deprived him of a fair trial by interrupting his direct testimony with questions. As with the other witnesses, the court's questions to Lawrence were geared towards developing the facts and ascertaining the truth. We find no abuse of discretion.

Finally, Lawrence complains that, outside the jury's presence, the court warned him and his mother to stop using body language or making comments that expressed their opinions about a witness' testimony. Furthermore, he contends that the court deprived him of a fair trial by admonishing him during his direct testimony, but outside the jury's presence, about the penalties for perjury. Lawrence does not allege that the court's admonishments inhibited his testimony and we fail to see how they influenced the jury when the judge made the statements outside the jury's presence.

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3